| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |

AXIS SURPLUS INSURANCE COMPANY, §
HELVITA SWISS INSURANCE COMPANY §
OF LIECHTENSTEN LTD., and QBE §
CORPORATE LIMITED, §
§
      Plaintiffs, §
§
*versus* §    CIVIL ACTION NO. 1:21-CV-519
§
PORT OF PORT ARTHUR NAVIGATION §
AUTHORITY OF JEFFERSON COUNTY, §
§
      Defendant. §

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.    Background

On May 24, 2022, the court referred this case to the Honorable Zack Hawthorn, United States Magistrate Judge, for pretrial management. Doc. No. 16. On July 21, 2022, Judge Hawthorn found that the case met the requirements for discretionary dismissal under the Federal Declaratory Judgment Act and recommended that the court dismiss it. Doc. No. 20. On August 4, 2022, Plaintiffs AXIS Surplus Insurance Company, Helvetia Swiss Insurance Company of Liechtenstein, Ltd., and QBE Corporate Limited (collectively "Underwriters") filed their *Objections to Magistrate's Report and Recommendation*. Doc. No. 21. On August 18, 2022, Defendant Port of Port Arthur Navigation Authority of Jefferson County ("the Port") filed its *Response to Plaintiffs' Objections to Magistrate's Report and Recommendations*, and on August 25, 2022, Underwriters filed their *Reply in Support of Objections to Magistrate's Report and Recommendation*. Docs. No. 22, 23. After review, the court overrules Underwriters' objections and adopts Judge Hawthorn's Report and Recommendation.

II. <u>Analysis</u>

A. <u>Objection 1: In dismissing the case, the Recommendation relied on a "different reason" than those argued in Defendant's pending Motion to Dismiss.</u>

First, Underwriters object that Judge Hawthorn "ignore[d]" the arguments that Underwriters and the Port briefed in the Port's pending Motion to Dismiss. Doc. No. 21 at 2-4. To be sure, the parties briefed dismissal under the doctrine of state sovereign immunity, pursuant to the Eleventh Amendment to the United States Constitution, while Judge Hawthorn instead recommended discretionary dismissal under the Declaratory Judgment Act. A district court, however, may raise declaratory-judgment abstention *sua sponte*. *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 n.1 (5th Cir. 1999); *New England Ins. Co. v. Barnett*, No. 06-555, 2007 WL 3288880, at *2-*3 (W.D. La. Nov. 6, 2007); *see Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) ("We have repeatedly characterized the Declaratory Judgment Act 'as an enabling Act, which confers a *discretion* on the courts rather than an absolute right upon the litigant.'") (emphasis added) (quoting *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)). Underwriters also note that Judge Hawthorn "implicitly" acknowledged that the Port lacks immunity because he determined that justiciability and subject-matter jurisdiction were present. Doc. No. 21 at 3. Without regard to whether the Port enjoys immunity, a district court may choose to address whether abstention is appropriate. Accordingly, the court overrules Underwriters' first objection.

B. <u>Objection 2: The *Trejo* factors weigh against abstention.</u>

Second, Underwriters argue that Judge Hawthorn misapplied the seven *Trejo* factors,[1] which guide a district court's discretion to hear a declaratory-judgment suit. *See Trejo*, 39 F.3d at 586. Underwriters object both generally and to specific factors.

In general, Underwriters assert that the factors "are non-exclusive and serve as a guide, not a rule." Doc. No. 21 at 4. While true, Underwriters have not shown why the magistrate judge should *not* apply the factors. Underwriters also quote the following footnote from *Trejo* to argue that dismissal is improper:

> We emphasize that the district court should not dismiss this declaratory judgment suit simply because it does not involve a question of federal law. The case is properly before the district court on the basis of diversity, and, as a result, is entitled to the same consideration as cases before the court on some other jurisdictional basis. As there is no policy against diversity jurisdiction, a district court's dismissal of a lawsuit simply because it involves an issue of state law . . . would not be proper.

*Id*. at 4; 39 F.3d at 591 n.10. In citing this passage, Underwriters gloss over the Fifth Circuit's repeated use of the word "simply." The court agrees that it should not dismiss a declaratory-judgment suit *simply* because it does not involve a question of federal law. Instead, it should utilize the *Trejo* factors to guide its decision. The specific factors are discussed below.

---

[1] The *Trejo* factors are: (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy; and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending. *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994).

### 1. First Factor

Taking a cue from the Fifth Circuit, Underwriters frame the first factor—whether there is a pending state action in which all the matters in the controversy may be litigated—as an examination of "comity and efficiency." Doc. No. 21 at 6; *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 391 (5th Cir. 2003). They note that the Port is free to file counterclaims in the federal forum should the court deny its Motion to Dismiss; thus, Underwriters argue that all disputes can be resolved in one federal forum. Doc. No. 21 at 6. Underwriters, however, ignore the substance of the factor itself. Here, there exists "a pending state action in which all the matters in a controversy may be litigated" involving the same parties as well as an additional, non-diverse defendant. *Sherwin-Williams*, 343 F.3d at 391-92 ("A district court may decline to decide 'a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties.'") (quoting *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942)). As Judge Hawthorn noted, "[i]n both cases, the respective court will be called upon to determine what was damaged, what was covered, whether Underwriters complied with the contract, and, ultimately, what is owed." Doc. No. 20 at 10; *see Aquafaith Shipping, Ltd. v. Jarillas*, 963 F.2d 806, 809 (5th Cir. 1992) ("'[I]t would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit' when the entire controversy is already being litigated in a state court that is capable of resolving the dispute."). Because all relevant issues can be resolved in the state-court proceeding, and the case is based entirely on state law principles, the first factor strongly favors abstention.

2. <u>Second and Third Factors</u>

Skipping momentarily to the third factor—whether the plaintiff engaged in forum shopping in bringing the suit—Underwriters claim that Judge Hawthorn ignored that the absence of forum shopping weighs against abstention. Doc. No. 21 at 6-7. This is incorrect. Judge Hawthorn conceded that the absence of forum shopping weighed against abstention, but he tied this factor back to the second—whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant. Doc. No. 20 at 10. For that factor, Judge Hawthorn found that Underwriters filed an anticipatory lawsuit and could not rely on the repetitive-litigation rationalization, both of which favored abstention. *Id.* at 11 (citing *Sherwin-Williams*, 343 F.3d at 391, 399). Added together, the magistrate judge found that these combined factors were neutral on abstention, while this court finds they weigh slightly in favor of abstention, as the likelihood of forum shopping cannot be ruled out. *See AIX Specialty Ins. Co. v. W. States Asset Mgmt. Inc.*, No. 3:12-CV-4342-M, 2013 WL 4603775, at *4 (N.D. Tex. Aug. 29, 2013) (holding that a declaratory judgment action can be "'reactive' and therefore an improper attempt to preempt a state court proceeding, even if filed before the state court action, when the 'insurer anticipates that its insured intends to file a non-removable state court action, and rushes to file a federal action before the insured does so'") (quoting *Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1372-73 (9th Cir. 1991), *overruled on other grounds by Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998)); *accord GuideOne Nat'l Ins. Co. v. Bhav Harri, LLC*, No. 16-CV-00740, 2017 WL 3492216, at *5 (N.D. Tex. Aug. 15, 2017).

### 3. Fourth Factor

As for the fourth factor, Underwriters object that Judge Hawthorn found little inequity in requiring them to litigate this case in Texas state court. Doc. No. 21 at 7-9. The crux of their complaint is that the Magistrate Judge incorrectly deemed this case to be in its "early stages." Doc. No. 20 at 12. Underwriters argue that "significant" discovery has occurred in the federal forum, which they support with evidence of initial disclosures, requests for production and admissions and their responses, interrogatories and their responses, correspondence regarding deposition scheduling, and subpoena notices. Doc. No. 21-1, 21-2, 21-3, 21-4, 21-5, 21-6. Meanwhile, Underwriters note that state-court discovery has remained "stagnant for eight months." Doc. No. 21 at 8. According to Underwriters, having to incur further expense restarting the litigation process in state court would cause "irreparable inequity on both parties." *Id*. at 7.

Regardless of whether this case is in its "early" stages, the court disagrees that abstention would force the parties to restart discovery completely. There are only minor differences in discovery procedure between the two forums. Information that the parties already exchanged under a federal case number will remain applicable in future state-court discovery; for example, Underwriters need not resend their first set of interrogatories nor should the Port have to answer them again. *See* Doc. No. 21-3. In other words, the court sees no reason why the parties cannot pick up in state court right where they left off in federal court.[2]

---

[2] Underwriters also cite an inapplicable Supreme Court case to support their argument that "a party waives its right to pursue an alternate jurisdictional avenue of relief when it engages in a fair amount of discovery, because it consequently 'prejudice[s] the other party by its inconsistent actions.'" Doc. No. 21 at 7; *see Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1712 (2022). *Morgan* actually held that courts should *not* factor in prejudice to a party in determining whether the party opponent waived its right to arbitration. The relevance of *Morgan* to the instant dispute is questionable.

Underwriters claim that "[i]n each of the Recommendation's cited cases, no discovery had taken place and the underlying litigation was immediately stayed while the court ruled on the competing parallel suits." Doc. No. 21 at 8. Underwriters, however, cite to only one case for this proposition, and that case fails entirely to discuss discovery or a stay. S*ee United Nat. Ins. Co. v. Jackson Redev. Auth. Bd. of Comm'rs*, No. 3:14-CV-466-CWR, 2015 WL 144930, at *2 (S.D. Miss. Jan. 12, 2015). Examining the entirety of the fourth factor, the court agrees with the magistrate judge that this factor does not weigh against abstention.

    4.    Fifth and Sixth Factors

Underwriters do not object to Judge Hawthorn's conclusion on the fifth factor. As for the sixth—whether retaining the lawsuit in federal court would serve the purpose of judicial economy—Underwriters repeat their argument that significant discovery has already taken place. Doc. No. 21 at 9-11. They add that they previously "moved to stay the Jefferson County action" to allow this case to proceed. Doc. No. 21 at 10. The Jefferson County docket sheet attached to Judge Hawthorn's Report indicates that the motion to stay remains pending. Doc. No. 20 at 16. Without regard to whether the state court has stayed that action, the reasoning from the fourth factor applies here. Resuming the case in state court will not require the parties to restart discovery.

Additionally, abstention serves the purpose of judicial economy if it prevents piecemeal litigation. *See Sherwin-Williams*, 343 F.3d at 391 ("A federal district court should avoid duplicative or piecemeal litigation where possible."). The court notes that insurance adjuster Edward Miller is joined as a party in the parallel state court action, but not in the present action. Therefore, proceeding to judgment in the federal forum could result in inefficient piecemeal

7

litigation. *See id.* at 398 ("[W]here nondiverse defendants [are] present in the state action, [a] federal district court should dismiss the declaratory judgment action to avoid piecemeal litigation and to prevent *de facto* partial removal of the state court case.").

Furthermore, Underwriters cite inapposite case law in arguing that abstaining would waste judicial resources. Doc. No. 21 at 9. In *Garcia v. City of McAllen*, 853 F. App'x 918, 921 (5th Cir. 2021), the court approved a district court's exercise of supplemental jurisdiction over a remaining state-law claim after every federal claim had been dismissed. The court first noted that exceptional circumstances for declining supplemental jurisdiction were not present and that the state-law issues were neither novel nor complex. *Id*. The court's other reason for exercising supplemental jurisdiction—the one Underwriters seize upon—was that "judicial economy, convenience, and fairness, all weigh[ed] strongly in favor of keeping the claim in federal court." *Id*. In that case, however, "the district court had resolved a range of substantive and procedural motions concerning the merits of the case," and the defendant had already moved for summary judgment. *Id*. Given the district court's "substantial familiarity with the merits of the case," the court upheld the exercise of supplemental jurisdiction. *Id*. (internal quotations and citations omitted).

Here, apart from the obvious distinction that *Garcia* addressed supplemental jurisdiction and not declaratory-judgment abstention, this court does not have "substantial familiarity with the merits of the case." *See id*. The parties have filed one dispositive motion, and it does not address the merits of the underlying claims. Doc. No. 5. As the magistrate judge correctly noted, because the parties have not yet "fully briefed" the insurance issues in the federal action, this factor favors abstention. *See Ironshore Specialty Ins. Co. v. Tractor Supply Co.*, 624 F. App'x 159, 168 (5th

Cir. 2015) (internal quotations and citations omitted); Doc. No. 20 at 12.  Thus, even if, as Underwriters contend, "no matter is actively being litigated in Jefferson County," this court's own unfamiliarity with the merits of the insurance issues favors abstention.  *See* Doc. No. 21 at 10.  Accordingly, the court agrees with the magistrate judge's conclusion on this factor.

        5.        <u>Seventh Factor</u>

Underwriters do not object to Judge Hawthorn's analysis of the seventh and final factor.  In sum, because the court agrees generally with the magistrate judge's analysis of the objected-to factors and finds more support for abstention as to some of them, the court overrules Underwriters' second objection.

        C.        <u>Objection 3: The Recommendation failed to apply the first-to-file rule.</u>

Third, Underwriters object that the Recommendation failed "to give any consideration to the fact that Underwriters' Declaratory Judgment action is the first-filed suit in accordance with the Fifth Circuit's long-upheld first-to-file doctrine."  Doc. No. 21 at 11.  Although Underwriters filed their declaratory action before the Port filed its state-court suit, "[t]he first-to-file rule is a discretionary doctrine that may be applied when related cases are pending before two *federal* courts."  *Green Tree Servicing, L.L.C. v. Clayton*, 689 F. App'x 363, 367 (5th Cir. 2017) (emphasis added) (internal quotations and citations omitted).  Stated differently, "when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap."  *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999).  Because the Port filed its lawsuit in state court,

9

the first-to-file rule does not apply.³ *See Am. Bankers Life Ass'n Co. of Fla. v. Overton*, 128 F. App'x 399, 403 (5th Cir. 2005) ("We find no indication from case law that the 'first-to-file' rule plays a part in the circumstance that we face today—two actions pending, but one is in state court and the other in federal court."). Accordingly, the court overrules Underwriters' third objection.

    D.    <u>Objection 4: Adopting the Recommendation creates bad policy.</u>

Finally, Underwriters warn that future litigants will use this case "to usurp a diverse litigant's right to a federal forum in the Eastern District of Texas." Doc. No. 21 at 13. They caution that "any future local defendant that does not wish to litigate a commercial property insurance dispute in the Eastern District of Texas will simply file a second suit in state court, cite this Recommendation, and its out-of-state opposing party's right to diversity jurisdiction would be nullified." *Id*. Underwriters' fear is unfounded. If complete diversity exists in the absence of a defendant who is a citizen of the forum state, then a diverse state-court defendant may timely remove the state-court case to federal court. If the diverse state-court defendant has already filed a federal declaratory-judgment action such as this one, it may move to consolidate the two cases post-removal. Therefore, without regard to whether the court abstains in this case, future litigants may access a federal forum if complete diversity exists and none of the defendants are citizens of the forum state. Accordingly, the court overrules Underwriters' fourth and final objection.

III.    <u>Conclusion</u>

For the foregoing reasons, it is **ORDERED** that Plaintiffs' *Objections to Magistrate's Report and Recommendation* (Doc. No. 21) are **OVERRULED**, and the Report and

---

³ Even if the first-to-file rule applied to state-court suits, as well, this district has noted that "the first-to-file rule is not a rigid or inflexible rule to be mechanically applied." *Tex. Instruments Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 997 (E.D. Tex. 1993).

Recommendation of the Magistrate Judge (Doc. No. 20) is **ADOPTED**. This case is **DISMISSED**.

SIGNED at Beaumont, Texas, this 15th day of September, 2022.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE